UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FLOYD COFFMAN, VONNA COFFMAN, | ) | CASE NO. S-03-CV-02414 |
| | ) | |
| Plaintiffs, | ) | **SECOND STIPULATION AND ORDER** |
| | ) | **AMENDING STATUS (PRETRIAL** |
| v. | ) | **SCHEDULING) ORDER** |
| | ) | |
| WYETH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Trial in this matter is set for April 4, 2006.  The plaintiff contends that he has suffered neurological injuries due to the ingestion of the drug, metoclopramide.  The parties, by and through their respective counsel, are in active settlement negotiations, and anticipate non-binding private mediation, if necessary, to resolve this case informally.  On May 25, 2005, in order to allow the settlement process the maximum possibility for success, and in an effort to obviate the expense associated with expert designations (then due June 1, 2005), the parties agreed to a 45-day continuance on all dates set forth in the Status (Pretrial Scheduling) Order.  On May 25, 2005, based upon the parties stipulation, the Court ordered a 45-day continuance of the dates set for expert designation (now set for July 15, 2005), rebuttal expert designation (now set for August 10, 2005), discovery (now set for September 26, 2005), filing of dispositive motions (now set for December 2, 2005), and trial (now set for April 4, 2006).

At the time of their stipulation, the parties were working to obtain information regarding the identity of the manufacturer(s) that produced the metoclopramide ingested by plaintiff.

**SECOND STIPULATION AND ORDER AMENDING STATUS (PRETRIAL SCHEDULING) ORDER**

Metoclopramide is prescribed to patients suffering from gastroesophageal reflux, among other conditions.  The Food and Drug Administration (FDA) first authorized the distribution of metoclopramide in the United States in 1979 under the brand name of Reglan® .  Its patent expired on December 12, 1984.  There are now more than 30 manufacturers of generic metoclopramide.  Consequently, information regarding the identity of the entity that manufactured the metoclopramide ingested by plaintiff is essential to a determination of liability and  key to the progress of settlement negotiations.

On May 25, 2005, at the time the parties agreed to continue the dates herein, the parties did not know who manufactured the metoclopramide ingested by plaintiff.  Deposition testimony of pharmacy personnel from David Grant Medical Center at Travis Air Force Base (hereinafter referred to as "DGMC"), the plaintiff's healthcare provider, revealed that pharmacy records previously thought by the parties to identify the manufacturer of the metoclopramide distributed to plaintiff, may not in fact provide that information.  However, as of the time that the parties agreed to continue pre-trial and trial dates to allow time for meaningful settlement negotiations before expert disclosures, counsel for defendant Wyeth was led to believe it would shortly receive documents from DGMC identifying the manufacturer of the metoclopromide purchased by DGMC.  Declaration of Seong Seo ("Seo Declaration,") filed herewith, ¶ 12.  Nonetheless, despite repeated assurances from representatives at DGMC in response to Wyeth's subpoena, the requested information was not forthcoming.  Seo Declaration, ¶ 12-14.

Absent information regarding the manufacturer of the metoclopramide ingested by plaintiff, the parties were unable to engage in the meaningful settlement negotiations they had, in good faith, anticipated at the time of the initial stipulation and order extending dates for pretrial and trial. On Friday, June 17, 2005, counsel for Wyeth learned for the first time that DGMC would produce a print out that would show that the generic metoclopramide purchased by DGMC during the relevant time period—and, presumably, distributed during the same period—were those manufactured by ESI Lederle Laboratories and Pliva Pharmaceuticals.  On June 24, 2005, Wyeth will take the deposition of the second PMK designated by DGMC regarding product identification and the information revealed in the DGMC print out.  Once this

1  information, which was promised weeks ago, is obtained the parties will then be in a position to
2  negotiate a settlement because the product distributed during the relevant time period will have
3  been identified.
4        Consequently, the parties, by and through their respective counsel, agree that a further 60
5  day continuance of all dates set forth in the Status (Pretrial Scheduling) Order is necessary if the
6  parties are to genuinely consider the prospect of resolving this matter short of trial and the
7  expensive task of retaining and deposing multiple expert witnesses. Consequently the parties
8  agree to a further continuance of pre-trial dates as follows:
9      (a)    The parties experts shall be designated not later than *September 13, 2005*.
10      (b)    Rebuttal experts shall be designated not later than *October 10, 2005*.
11      (c)    All discovery shall be completed by *November 25, 2005*.
12      (d)    All dispositive motions shall be heard no later than *January 31, 2006*.
13      (e)    The final pretrial conference is scheduled for April 7, 2006.
14      (f)    The trial is set for June 5, 2006 at 9:00 am.
15  All other requirements of the Status (Pretrial Scheduling) Order will remain in effect.

16  Dated: June ____, 2005                  GORDON & REES, LLP
17                                        By:_____
18                                            Melissa M. Fairbrother
                                        Attorneys for Defendant WYETH
19
20  Dated: June ____, 2005                    LAW OFFICES OF THOMAS A. AMBROSE
21
22                                          By:_____
                                          Thomas A. Ambrose
23                                          Attorneys for Plaintiffs, FLOYD COFFMAN
                                        and VONNA COFFMAN
24

25  **<u>ORDER</u>**
26        Having considered the Stipulation of the parties, and good cause appearing,
27        IT IS HEREBY ORDERED that the dates set forth in the Status (Pretrial Scheduling)
28  Order shall be amended as follows:

-3-
**SECOND STIPULATION AND ORDER AMENDING STATUS (PRETRIAL SCHEDULING) ORDER**

1     (a)     The parties experts shall be designated not later than September 13, 2005.

2     (b)     Rebuttal experts shall be designated not later than October 7, 2005.

3     (c)     All discovery shall be completed by November 28, 2005.

4     (d)     All dispositive motions shall be heard no later than January 27, 2006.

5     (e)     The final pretrial conference is scheduled for April 21 2006 at 1:30 p.m.

6     (f)     The trial is set for June 20, 2006 at 9:00 am.

7     All other requirements of the Status (Pretrial Scheduling) Order will remain in effect.

8     IT IS SO ORDERED.

10     DATED: June 27, 2005         /s/ Frank C. Damrell Jr._____
    Frank C. Damrell Jr.
    United States District Judge

-4-

**SECOND STIPULATION AND ORDER AMENDING STATUS (PRETRIAL SCHEDULING) ORDER**

AHP\1015505\790779.1